UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:

Professional Golf Management MICC LLC
d/b/a Middle Island Country Club,

                Debtor.                Chapter 11
                                                  Case No. 8-06-70402-DTE

---------------------------------------------------------x

**CONSENT ORDER (I) AUTHORIZING THE DEBTOR TO MAKE
DISTRIBUTIONS TO HOLDERS OF ALLOWED ADMINISTRATIVE,
PRIORITY AND UNSECURED CLAIMS, (II) PROVIDING FOR A STRUCTURED
DISMISSAL AND (III) GRANTING OTHER AND RELATED RELIEF**

Upon the motion, dated December 28, 2006 (the "Dismissal Motion"),[1] of

Professional Golf Management, MICC LCC d/b/a Middle Island Country Club (the "Debtor")

seeking entry of an Order for structured dismissal of Debtor's chapter 11 case and related relief;

and due and sufficient notice of the Dismissal Motion having been given; and it appearing that

the relief requested in the Dismissal Motion is necessary and in the best interests of the Debtor,

the estate and the creditors; and after due deliberation and sufficient cause appearing therefor;

        **THE COURT HEREBY FINDS** that:

        A.        On March 2, 2006 (the "Petition Date"), the Debtor filed a voluntary

petition for reorganization under chapter 11 of title 11, United States Code, 11 U.S.C. §§ 101 et

seq. (the "Bankruptcy Code"). The Debtor has continued in the possession and management of

its assets and properties as debtor-in possession pursuant to sections 1107 and 1108 of the

Bankruptcy Code.

        B.        On September 14, 2006, the Office of the United States Trustee appointed

---

[1] Capitalized terms used and not defined herein shall have the meanings ascribed to such terms in the Motion.

the official committee of unsecured creditors (the "Committee") in this proceeding.

C. The Debtor has provided due and sufficient notice of the hearing on the Dismissal Motion and the relief set forth in the Dismissal Motion, and no further notice is required.

D. The Court takes judicial notice of the docket of this Chapter 11 case maintained by the Clerk of the Court, including, all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered or adduced at hearings held before this Court.

E. Based upon the record of this proceeding, the relief requested by the Dismissal Motion is warranted under the circumstances and in the best interests of the Debtor and its creditors and estate.

F. As set forth at the hearing on the Dismissal Motion, sufficient cause exists for the issuance of the injunctive relief set forth in this Order.

G. Sufficient cause exists to render the provisions of Sections 349(b) inapplicable to this chapter 11 case.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The relief requested in the Dismissal Motion shall be, and hereby is, granted as provided in the Order.

2. To the extent not resolved or withdrawn, any and all objections to the Dismissal Motion shall be, and hereby are, overruled and denied.

3. All orders and stipulations entered in this chapter 11 case and all agreements entered and transactions implemented by the Debtor during the pendency of this

chapter 11 case from the Petition Date through the date of dismissal of this case, shall survive, remain effective and in full force after the dismissal of this chapter 11 case and the Court shall retain exclusive jurisdiction to interpret, implement, enforce and support such orders, stipulations and agreements.

4. The Distribution Agent (as defined below) shall utilize the trust account and sub-trust account maintained in the Debtor's name and designated for estate funds held by the law firm of Zinker & Herzberg LLP for the purpose of making distributions as provided under this Order (the "Distribution Account"). The Distribution Account will be maintained at JP Morgan Chase Bank. The Debtor will deposit or has deposited into the Distribution Account an amount sufficient to satisfy all administrative (including, but not limited to, professional fees of the Committee and the Debtor), priority and unsecured claims.

5. The Distribution Agent shall be counsel to the Debtor. All distributions under this Order shall be made by the Distribution Agent. The Distribution Agent shall not be required to give any bond or surety or other security for the performance of its duties unless otherwise ordered by this Court; and, in the event that the Distribution Agent is so otherwise ordered, all costs and expenses or procuring any such bond or surety shall be borne by the Debtor.

6. The Distribution Agent shall be, and hereby is, authorized to make the distribution(s) (the "Distribution(s)") as soon as practicable after entry of this Order to each holder of all allowed administrative, priority and unsecured claim(s) in accordance with and pursuant to the Bankruptcy Code, the Bankruptcy Rules, and this Order and all procedures for such Distribution(s) as set forth in this Order are hereby approved and authorized.

7. Except to the extent that a holder of an allowed unsecured claim agrees to

a different treatment, each unsecured creditor shall receive cash in an amount equal to such creditor's allowed unsecured claim together with interest from the Petition Date until such allowed claim is paid in full at seven (7%) percent simple interest per annum.

8. Prior to the commencement of Distribution and until all claims are paid in full, the Debtor shall ensure that sufficient cash is maintained in the Distribution Account to pay all such claims. Any final distribution under this Order shall be made so that all allowed claims are paid in full no later than June 30, 2007, unless extended with the consent of the Committee and the Debtor or pursuant to an order of this Court.

9. The Distribution Agent is required to make the Distribution from the Distribution Account only to the entity which is the holder of an allowed administrative, priority or unsecured claim based upon and distributed pursuant to either an order of the Court allowing such administrative, priority or unsecured claim and/or the listing of such claims on the official claims register maintained by the United States Bankruptcy Court (the "Claims Register") or pursuant to schedules of the Debtor (the "Debtor's Schedules"), provided such claim is not expunged, disallowed or waived. No new or amended priority or unsecured claim or transfers of priority or unsecured claims will be accepted after the date of this Order.

10. For purposes of making the Distribution, the Distribution Agent shall be, and hereby is, authorized to rely upon the Orders of the Court and the Claims Register as it exists and to make such distributions only to holders of allowed administrative, priority and unsecured claims allowed by an Order of the Court, the Debtor's Schedules or as identified on the Claims Register.

11. If a holder of an allowed administrative, priority or unsecured claim fails to negotiate a distribution check issued to such holder on or before thirty (30) days after issuance

NYC/317004.11

of such distribution check, then the Distribution Agent shall provide written notice to the holder of such allowed claim advising such holder that unless the distribution check is deposited within thirty (30) days after the date of such notice (i) the Distribution Agent shall cancel such distribution check, (ii) the amount of cash attributable to such check shall remain on deposit in the Distribution Account and (iii) the holder of such allowed claim will be automatically deemed to have waived its allowed claim and any right or entitlement to any distributions in this case.  If such holder fails to negotiate such holder's distribution check or contact the Distribution Agent in writing, facsimile or email within such thirty (30) day period, then the amount of cash attributable to such check shall remain on deposit in the Distribution Account, and the payee of such check will be automatically deemed to have waived its allowed claim and any right or entitlement to any distributions in this case.  If a holder of an allowed administrative, priority or unsecured claim contacts the Distribution Agent in writing, facsimile or email within such thirty (30) day period, the Distribution Agent will re-issue a distribution check to such holder at the end of the thirty (30) day period and such holder will be informed that the distribution check must be cashed within thirty (30) days of the date of such distribution check or (i) the Distribution Agent shall cancel such distribution check, (ii) the amount of cash attributable to such check shall remain on deposit in the Distribution Account and (iii) the holder of such allowed claim shall be automatically deemed to have waived its allowed claim and any right or entitlement to any distributions in this case.

12. If a distribution check representing the Distribution to any holder of an allowed administrative, priority or unsecured claim is returned to the Distribution Agent, then the Distribution Agent shall re-send such distribution check to the holder of such administrative, priority or unsecured claim.  If such distribution check is again returned to the Distribution

Agent, such check shall be held by the Distribution Agent until the date which is thirty (30) days from the date of the check and if the holder of the respective administrative, priority or unsecured claim does not contact the Distribution Agent in writing, facsimile or email within thirty (30) day period, (i) the Distribution Agent shall cancel such distribution check, (ii) the amount of cash attributable to such check shall remain on deposit in the Distribution Account and (iii) the holder of such allowed claim shall be automatically deemed to have waived its allowed claim and any right or entitlement to any distributions in this case. If a holder of an allowed administrative, priority or unsecured claim contacts the Distribution Agent in writing, facsimile or email within such thirty (30) day period, the Distribution Agent will re-issue a distribution check to such holder and such holder will be informed that the distribution check must be cashed within thirty (30) days of the date of such distribution check or (i) the Distribution Agent shall cancel such distribution check, (ii) the amount of cash attributable to such check shall remain on deposit in the Distribution Account and (iii) the holder of such allowed claim shall be automatically deemed to have waived its allowed claim and any right or entitlement to any distributions in this case.

13. The Distribution Agent shall have no obligation to send distribution checks to holders of allowed administrative, priority or unsecured claims who have provided no address or whose address has previously proven to be undeliverable. In the event that a second distribution is made, the Distribution Agent shall have no obligation to send distribution checks to holders of allowed administrative, priority or unsecured claims who are deemed to have waived their claims in accordance with paragraphs 11 and 12 above. Holders of allowed administrative, priority or unsecured claims who have not provided the Debtor or Distribution Agent with an address or who have not notified the Debtor or Distribution Agent of a change of

address shall be deemed to have waived their administrative, priority or unsecured claims.

~~14.~~ The Debtor's chapter 11 case shall not be dismissed until all contested matters and adversary proceedings are resolved or settled pursuant to a final order and all claims are paid in full. ***The Debtor shall file*** ~~Upon the filing~~ with the Court ***and settle on five days' notice by first class mail, upon (a) counsel to the Committee, (b) the Office of the United States Trustee, (c) all creditors, and (d) all parties-in-interest who have filed a Notice of Appearance in this proceeding,*** ~~of~~ an affidavit attaching a final accounting detailing (the "Certificate of Distribution") and confirming that all allowed claims have been paid in full and the final Distribution was made by the Distribution Agent, as provided herein ***along with a proposed order dismissing the Debtor's case (the "Dismissal Order")***. ~~, the Debtor's chapter 11 case shall be dismissed pursuant to Section 1112 of the Bankruptcy Code. A copy of the Certificate of Distribution shall be served upon the Office of United States Trustee and counsel to the Committee within 5 days' of being filed by the Debtor.~~

~~15. In the event the Court does not serve a notice of to all creditors and parties-in-interest advising them of dismissal upon the filing of the Certificate of Distribution, within fifteen (15) days following the filing of the final Certificate of Distribution, the Debtor shall be, and hereby is, required to (a) serve a notice of dismissal of the chapter 11 case and notice of no further distribution (the "Dismissal Notice"), in a form agreed to by the Debtor and Committee, by first class mail, upon (a) counsel to the Committee, (b) the Office of the United States Trustee, (c) all creditors, and (d) all parties-in-interest who have filed a Notice of Appearance in this proceeding.~~

16. Any and all unexpired leases or executory contracts of the Debtor not previously assumed and assigned to a third party or rejected shall be, and hereby are, rejected

7

pursuant to Section 365(a) of the Bankruptcy Code as of the date of this Order. Claims arising out of the rejection of an executory contract or unexpired lease pursuant to this Order must be filed with the Bankruptcy Court no later than fifteen (15) days after the entry of this Order. Any such claims not filed within such applicable time periods will be forever barred from receiving a distribution.

17. Upon the ***entry of the Dismissal Order*** ~~filing of the Dismissal Notice~~, any and all remaining property of the Debtor or the Debtor's estate (except as provided in this Order) shall be, and hereby is, revested with the Debtor.

18. Section 349(b) of the Bankruptcy Code shall be, and hereby is, rendered inapplicable with respect to this chapter 11 case.

19. ***Upon entry of the Dismissal Order,*** ~~After the filing of the Certificate of Distribution, and upon dismissal of this case,~~ pursuant to Section 105(a) of the Bankruptcy Code, all entities, including individuals, partnerships, corporations, estates, trusts and/or governmental units, who have held, hold or may hold claims (as defined in Section 101(5) of the Bankruptcy Code) or any other liabilities or actions (legal or equitable) against the Distribution Agent, the Committee and members of the Committee solely in their capacity as members of the Committee and each of their respective attorneys or financial consultants and/or their respective successors and assigns (collectively, the "Exculpated Parties") shall be, and hereby are, enjoined from taking any action or asserting any claim against the Exculpated Parties and/or the Distribution Account, based in whole or in part upon any act or omission by the Exculpated Parties taken in connection with the Debtor's chapter 11 case including this Order, excluding gross negligence, willful misconduct, fraud, breach of fiduciary duty or malpractice; provided, however, that the Exculpated Parties shall not receive an injunction against any claim, liability or action (civil or

criminal) by the United States of America, the State of New York, or any of their respective agencies or departments existing as of the dismissal of the Debtor's chapter 11 case.

20. ***Upon entry of the Dismissal Order,*** ~~On the filing of the Dismissal Notice,~~ if no appeal is pending, the Committee shall be, and hereby is, dissolved and disbanded and its members released and discharged from all liabilities and duties arising from, or related to, the chapter 11 case and the retention of its attorney shall terminate; <u>provided</u>, <u>however</u>, the Committee shall continue to exist with respect to (i) all applications filed pursuant to sections 330 and 331 of the Bankruptcy Code seeking payment of fees and expenses incurred by any professional and (ii) any post dismissal modifications to, or motions or other actions seeking the enforcement or implementation of the provisions of this Order.

21. Notwithstanding the dismissal of the chapter 11 case, the Court retains jurisdiction for the purposes of considering fee applications of estate professionals, interpreting, implementing or enforcing the terms and conditions of this Order including, without limitation, the injunctive provisions of this Order.

22. The Debtor, the Distribution Agent and the Committee shall be, and hereby are, authorized and empowered to take all steps necessary and appropriate to effectuate the terms of this Order and the making of the Distribution(s).

23. Any professional retained by the Debtor in this chapter 11 case and any professional retained by the Committee, pursuant to Section 327 or 328 of the Bankruptcy Code (each, a "Professional"), shall ~~(provide the Debtor and the Committee a current estimate of fees and expenses by April 6, 2007 and)~~ file with the Court on or before April 20, 2007, and shall serve upon the Debtor, counsel for the Debtor, counsel for the Committee and the Office of the United States Trustee, a final application for allowance of compensation, reimbursement of

9

expenses in connection with services rendered by such Professional (the "Final Fee Application") during the period from the Petition Date through March 31, 2007 (the "Final Fee Application Period"). Any and all fees and expenses awarded to a Professional in connection with a Final Fee Application shall be paid from the Distribution Account.

24. Any professional seeking allowance of compensation and reimbursement of expenses for services rendered after the Final Fee Application Period shall serve a fee statement, together with supporting documentation, on counsel for the Debtor, and such amounts will be paid from the Distribution Account, without the need to file a further fee application with the Court and without further approval or order of the Court unless the Debtor objects to such fee statement within ten (10) days of receipt of same and such objection cannot be resolved between the parties.

25. A hearing to consider the Final Fee Applications shall be held on May 1*5*, 2007, at 10:00 a.m., or as soon thereafter as counsel may be heard.

26. A notice of hearing on Final Fee Applications shall be served, by regular mail, on or before April 23, 2007, upon (i) counsel for the Committee, (ii) the United States Trustee, (iii) all persons who have filed a request for notice in this case, ~~and~~ (iv) all professionals who have filed a Final Fee Application*, and (v) all creditors*.

27. The rights, benefits and obligations of any person or entity named or referred to in this Order, as effected by this Order, shall be binding on, and shall inure to the benefit of any heir, executor, administrator or assign of such person or entity.

28. All fees payable pursuant to chapter 123 of title 23, United States Code, as determined by the Bankruptcy Court on the Dismissal Date including, but not limited to, quarterly fees owed to the Office of United States Trustee, shall be paid on the Dismissal Date.

Any statutory fees accruing after the Dismissal Date shall be paid by the Distribution Agent.

29. Nothing in this Order shall be amended, modified or waived without the consent of the Debtor and Committee and upon application to this Court.

30. Except to the extent the Bankruptcy Code or Bankruptcy Rules are applicable, the rights and obligations arising under this Order shall be governed by, and construed and enforced in accordance with, the laws of the State of New York, without giving effect to the principles of conflicts of law thereof.

31. Notwithstanding anything herein to the contrary, should the Debtor or Distribution Agent not be able to pay all claims in full as provided in this Order or the Debtor violates or breaches a term or provision of this Order, the Office of United States Trustee shall submit an order of conversion of this case upon five (5) days' written notice to the Debtor, counsel to the Debtor, and counsel to the Committee.

32. Notwithstanding the entry of this Order, or dismissal of this case, the Bankruptcy Court shall retain such jurisdiction as legally permissible, including, and without limitation, jurisdiction related to the enforcement or interpretation of any order or stipulation entered into in this chapter 11 case.

33. Within five (5) days following the entry of this Order, the Debtor shall serve a copy of this Order upon all creditors and parties-in-interest.

Dated: Central Islip, New York
*April 2*, 2007

                                           */s/ Dorothy Eisenberg*
                                           DOROTHY T. EISENBERG
                                           UNITED STATES BANKRUPTCY JUDGE

NO OBJECTION:

| | |
|---|---|
| Dated: Central Islip, New York<br>  March 28, 2007 | Diana G. Adams<br>Acting United States Trustee<br>Office of the United States Trustee |
| | By: */s/ Stan Yang*<br>Stan Yang<br>Alfonse D'Amato Federal Courthouse<br>560 Federal Plaza<br>Central Islip, NY 11722 |
| Dated: Smithtown, New York<br>  March 28, 2007 | Zinker & Herzberg, LLP<br>*Attorneys for Debtor* |
| | By: */s/ Edward Zinker*<br>Edward Zinker (EZ-7147)<br>278 East Main Street, Suite C<br>P.O. Box 866<br>Smithtown, New York 11787 |
| Dated: New York, New York<br>  March 28, 2007 | Arent Fox LLP<br>*Counsel for the Official Committee of Unsecured Creditors* |
| | By: */s/ Andrew I. Silfen*<br>Andrew I. Silfen (AS-1264)<br>1675 Broadway<br>New York, New York 10019<br>(212) 484-3900 |
| Dated: Uniondale, New York<br>  March 28, 2007 | Rosen Slome Marder LLP<br>*Attorneys for Mountain Brook Homes, Inc.* |
| | By: */s/ Adam L. Rosen* |

12

Adam L. Rosen (AR-5664)
333 Earle Ovington Boulevard, Suite 901
Uniondale, New York 11553